CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

7/24/2017
JULIA C. DUDLEY, CLERK
BY: s/ JODY TURNER
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CHRISTOPHER TRUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:16cv00011 |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on July 10, 2017, recommending that plaintiff's motion for summary judgment be granted, the Commissioner's motion for summary judgment be denied and this case be remanded to the Commissioner for further administrative proceedings. In a thorough and well-reasoned report, the magistrate judge concluded that the consultative examination arranged by Trussell[1] and performed after the Administrative Law Judge (ALJ) issued his decision, which evidence was incorporated into the record before the Appeals Council, is new, material, and related to the period on or before the date of the ALJ's decision. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). The magistrate judge held that "neither

---

[1] The ALJ declined Trussell's request for a consultative examination, finding the record before him adequate to assess Trussell's claim. The magistrate judge found no error in the ALJ's decision in that regard. Report & Recommendation, ECF No. 18, at 16-17. Nevertheless, a consultative examination was performed subsequent to the ALJ's decision and was made part of the record before the Appeals Council. Thus, it is part of the record before the court on judicial review.

the ALJ nor the Appeals Council made factual findings that adequately addressed some of the functional deficiencies identified in Dr. Hill's [consultative] examination findings." Report & Recommendation, ECF No. 18, at 17. Indeed, some of Dr. Hill's conclusions conflict with the ALJ's residual functional capacity determination and "the task of weighing this conflicting evidence in the first instance is beyond the scope of this Court's review."[2] Id. at 18. Thus, the magistrate judge recommends this case be remanded to allow the Commissioner to "fulfill her role as factfinder by weighing the new evidence contained in Dr. Hill's report so as to enable this Court to engage in meaningful judicial review." Id. at 19.

Despite this recommendation, Trussell has filed objections to the magistrate judge's report. Trussell does not dispute that remand is necessary in this case—indeed, he acknowledges it is the remedy he asked for—but he argues that the final order of remand should direct the Commissioner to make reasonable efforts to locate a 2003 psychological examination that was ordered by the Commissioner in connection with a prior application and "produce the evidence in that file or assure Mr. Trussell, for the record, that there are good reasons why the evidence cannot be obtained." Pl.'s Obj., ECF No. 19, at 3. As Trussell recounts in his summary judgment brief, he made numerous requests of the Social Security Administration to obtain this 2003 consultative examination by Meredith Greene, Ph.D. Pl.'s Br., ECF No. 14, at 5-8. Trussell goes on to state: "After trying unsuccessfully for more than a year to get the Commissioner to secure—through prior records held by the

---

[2] The Appeals Council considered Dr. Hill's consultative examination report and incorporated it into the record but found that the evidence did not provide a basis for changing the ALJ's decision, without further explanation. As the magistrate judge correctly recognizes, this lack of explanation for the denial of review is the Appeals Council's prerogative, see Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011), but it leaves the court in the dark as to how the Appeals Council treated the new evidence, making meaningful judicial review impossible, see Riley v. Apfel, 88 F. Supp. 2d 572, 579-80 (W.D. Va. 2000).

2

Commissioner or a consultative examination—detailed information about the nature, etiology, longevity and severity of Mr. Trussell's medical conditions, Mr. Trussell then borrowed the money necessary to obtain that evaluation, himself." Id. at 8.

The problem, according to Trussell, is if the Commissioner concludes on remand that Dr. Hill's recent consultative examination justifies a finding of disability, "there would then remain the question of when Mr. Trussell's disability may have commenced. The 2003 Consultative Examination may provide key evidence as to the nature and severity of Mr. Trussell's disability which would pre-date Dr. Hill's findings and provide a link to Mr. Trussell's alleged onset date of disability as of October, 2012." Pl.'s Obj., ECF No. 19, at 2. In any event, Trussell argues, the fact that the Commissioner offers no explanation for why Trussell's request to obtain this 2003 consultative examination was not honored is "simply not consistent with the tenets of the Social Security Act." Id. at 3.

Neither the ALJ's opinion nor the magistrate judge's report references Trussell's requests to obtain this 2003 consultative examination that was allegedly conducted in connection with a prior application for benefits. And the court is unclear as to how this 2003 examination might be relevant to Trussell's current DIB/SSI application. Nevertheless, the court will order the Commissioner on remand to evaluate Trussell's request for review of the 2003 consultative examination to the extent it is relevant to his current application for benefits.

An appropriate Order will be entered.

Entered: 07-24-2017
/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge